# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JENNIFER HOGAN, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 1:22CV135 |
| FRANK BISIGNANO, Commissioner of Social Security, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, Senior District Judge.

This matter comes before the Court on Defendant Acting Commissioner Frank Bisignano's Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) and/or 60(a). (ECF No. 39 at 1.) The Commissioner seeks to alter or amend this Court's Order granting Plaintiff Jennifer Hogan's Motion for Attorney's Fees and Expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). (*Id.*) For the reasons stated herein, the Commissioner's motion will be granted.

## I. STANDARD OF REVIEW

Under Rule 59(e), a court may alter or amend a final judgment for the following reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see* Fed. R. Civ. P. 59(e). Rule 59(e), therefore, "permits a district court to correct its own errors, sparing

the parties and the appellate courts the burden of unnecessary appellate proceedings." *Pac. Ins. Co.*, 148 F.3d at 403 (internal quotation marks omitted) (citations omitted). The moving party bears the burden of establishing one of the three grounds for reconsideration. *Loren Data Corp. v. GXS, Inc.*, 501 F.App'x. 275, 285 (4th Cir. 2012). While "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment" under Rule 59(e), *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008), the Fourth Circuit has cautioned that "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403 (internal quotation marks omitted) (citation omitted).

## II.     MOTION TO ALTER OR AMEND

The Commissioner seeks relief pursuant to Fed. R. Civ. P. 59(e) and/or 60(a) asking this Court to "reconsider its Order because it did not expressly address or rule on the Commissioner's objections before awarding attorney's fees." (ECF No. 40 at 3.) This Court upon review of the challenged Order, (ECF No. 37), did find that the court erred in not addressing the Commissioner's arguments in his Response in Opposition to Plaintiff's Motion for Attorney's Fees, (ECF No. 34). Therefore, pursuant to Fed. R. Civ. P. 60(a) this Court will reconsider it's ruling. *See* Fed. R. Civ. P. 60(a) ("The Court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."). The Court will next evaluate the Commissioner's arguments in opposition to Plaintiff's Motion for Attorney's Fees pursuant to the EAJA to determine whether the Judgment should be amended or altered.

## III. LAW GOVERNING AWARD OF EAJA ATTORNEY'S FEES

Under the EAJA, a private litigant who has initiated a civil action against the United States may recover attorney's fees if the litigant secures a victory against the United States. 28 U.S.C. § 2412(d)(1)(A). Attorney's fees shall be awarded if four conditions are met: (1) the party applying for fees must have been a "prevailing party" in the civil action; (2) the application for attorney's fees must be filed within thirty days of the final judgment in the action, and must be accompanied by an "itemized statement" explaining the time and rate used in computing the fee amounts; (3) the position of the government must not have been "substantially justified;" and (4) there must be an absence of "special circumstances [that would] make an award unjust." *Id.* at § 2412(d)(1)(A)–(B); *see Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

The Commissioner argues that Plaintiff is not entitled to attorney's fees because the position of the government was "substantially justified." (ECF No. 34 at 2.) The government's position is substantially justified if it is " 'justified in substance or in the main'— that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quotations in original); *Cody v. Caterisano*, 631 F.3d 136, 141 (4th Cir. 2001). When determining whether the government's position is substantially justified, courts "look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." *Cody*, 631 F.3d at 141 (quoting *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993).

In Social Security cases, "the [Commissioner] is not automatically liable for attorney's fees every time he loses a case." *Crawford v. Sullivan*, 935 F.2d 655, 657 (1991) (citation omitted). "When a social security claimant's 'eligibility for benefits turns on disputed facts,' the Commissioner is not necessarily unjustified in contesting the claim, even if the claimant ultimately is awarded benefits." *Baker v. Colvin*, 1:13CV661, 2015 WL 1268260, at *3 (M.D.N.C. Mar. 19, 2015) (quoting *Thompson v. Sullivan*, 980 F.2d 280, 282 (4th Cir. 1992)).

## IV. DISCUSSION

The central issue before this Court is whether the Commissioner was substantially justified in advancing its position in this litigation. If so, this Court erred in awarding attorney's fees to Plaintiff.

A brief procedural background provides context for the resolution of this issue. Plaintiff filed the Complaint in this Court seeking judicial review of the Commissioner's final decision denying her application for disability benefits under the Social Security Act on February 16, 2022. (ECF No. 1 at 1.) Thereafter, Plaintiff filed a Motion for Judgment Reversing the Decision of the Commissioner, (ECF No. 12), and the Commissioner filed a motion for Judgment on the Pleadings, (ECF No. 17). On February 13, 2024, the Magistrate Judge recommended that this Court deny Plaintiff's Motion for Judgment, grant the Commissioner's Motion for Judgment on the Pleadings, and uphold the final decision of the Commissioner. (ECF No. 21 at 22–23.) Approximately one week following the Magistrate Judge's Recommendation, the Plaintiff filed an Objection to the recommendation and raised

4

new case law that ultimately resulted in the reversal of the ALJ's decision.[1] (ECF No. 23 at 3, 11, 19.) The Magistrate Judge stayed the proceedings to allow the Commissioner time to either file a consent remand or file a supplemental brief addressing Plaintiff's arguments and the new case law. (Text Order dated Mar. 22, 2023.) On April 6, 2023, the Commissioner filed a supplemental memorandum, (ECF No. 26). This Court then, on August 7, 2023, after reviewing the party's arguments and the new case law, issued an Order lifting the Stay, reversing the Commissioner's decision, and remanded the case for further administrative proceedings consistent with its Order. (ECF No. 29 at 4.)

While Plaintiff ultimately prevailed in this case because this Court reversed the decision of the Commissioner, this does not automatically mean that Plaintiff is entitled to recover attorney's fees. Whether the government was substantially justified bears on whether the government "acted reasonably in causing the litigation or in taking a stance during the litigation." *Roanoke River Basin*, 991 F.2d at 139. This Court finds that during the litigation of this case, the government raised reasonable arguments supported by the record and the case law that existed *at the time*.

---

[1] Plaintiff in this case suffers from "major depressive disorder" which was recognized by the Administrative Law Judge ("ALJ") during the administrative process. (ECF No. 29 at 2 (quoting (Tr. 18.)).) In evaluating Plaintiff's depression, the ALJ required objective medical evidence that strongly supported Plaintiff's complaints related to her symptoms. (*Id.*) The ALJ found that "the claimant's statements about the intensity, persistence, and limiting effects of [] her symptoms . . . are inconsistent because the objective findings in this case fail to provide strong support for the claimants allegations of disabling symptoms and limitations resulting from her above stated severe impairments." (ECF No. 29 at 2 (quoting (Tr. 23.).) Following the ALJ's decision and the Magistrate Judge's Recommendation, the Fourth Circuit issued an opinion, on February 22, 2023, impacting the facts of this case. In *Shelly C.*, the Fourth Circuit held for the first time that depression is a disease that does not produce objective medical evidence, and therefore subjective statements regarding its symptoms cannot be discounted based on objective medical evidence (or lack thereof). 61 F.4th 341, 361–62 (4th Cir. 2023).

5

"[A] position can be justified even though it is not correct" and "it can be substantially justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce*, 487 U.S. at 566 n.2. Here, it is clear that the government had a reasonable basis in law and fact in denying Plaintiff's application for disability benefits and in opposing Plaintiff's Motion for Judgment, as these occurred before new Fourth Circuit case law altered existing law. Additionally, the Magistrate Judge also recommended that the denial be upheld. (ECF No. 21 at 23.); *see Hodge v. Berryhill*, 5:15-CV-248-FL, 2017 WL 758494, at *2 (E.D.N.C. Feb. 27, 2017) (quoting *Pierce*, 487 U.S. at 565) (finding that the Magistrate Judge's recommendation "demonstrates that 'reasonable people could differ as to the appropriateness of the contested' argument.").

Considering the case as a whole, the Commissioner's position in determining that the ALJ was correct in its determination that Plaintiff was not disabled, and thus not eligible for benefits, was substantially justified from the inception of this litigation through this Court's determination in its August 7, 2023, Order. The only remaining claim at that point was the motion for attorney's fees, which was filed on October 24, 2023, and is the subject of the instant motion to alter or amend. (ECF No. 31.)

Therefore, this Court concludes that based on the discussion above, an award of EAJA fees is not warranted in this case and the Court will grant Defendant's Motion to Amend the Court's previous Order on February 4, 2025, (ECF No. 37). However, the Commissioner does not object to Plaintiff's request for reimbursement of costs. Accordingly, the Commissioner is ordered to pay Plaintiff $22.59 in expenses for service of process by certified

6

mail from the Judgment Fund by the United States Department of the Treasury pursuant to 28 U.S.C. § 2412(a)(1).

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that the Commissioner's Motion to Alter or Amend, (ECF No. 39), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Order, (ECF No 37), is **VACATED**, and Plaintiff's Motion for Attorney's Fees, (ECF No. 31), is **GRANTED** in part and **DENIED** in part. Specifically, Plaintiff's Motion is **GRANTED** as to an award of costs and denied as to an award of attorney's fees. **IT IS ORDERED** that the Commissioner will pay Plaintiff $22.59 in costs.

This, the 25th day of August 2025.

/s/ Loretta C. Biggs
Senior United States District Judge